JOHN M. GUNN, plaintiff in error, vs. RICHARD DAVIS, Deputy Sheriff, defendant in error.

Where a debtor in *ca. sa.* gives a bond under the prison-bounds Act, and escapes beyond the limits, but remains in the county, the Sheriff is not liable for not re-arresting and committing him at the expiration of the six calendar months. The creditor's remedy is upon the prison-bounds bond.

Rule against Sheriff, from Randolph county. Tried before Judge KIDDOO.

The rule recites, that Davis, having in his hands a *ca. sa.* against one Shannon, in favor of plaintiff, arrested him, and took bond and security for prison bounds, after Shannon had been delivered up by his former security on the *ca. sa.* bond, and had been ordered to jail by the Court. The term of the bond expired, but the Sheriff did not remand and commit him. He was ordered to produce the *ca. sa.*, and show his

actings, &c., and show cause why he should not pay plaintiff the amount due on the *ca. sa.*

Davis answered, admitting the facts recited in the rule, which are as above; and further, that before the six months, the term of the bond expired, the defendant, Shannon, forfeited his bond by going beyond the prison bounds; that his security was insolvent, but that he, defendant Davis, did not know it at the time. That Shannon was still in the county, but that he had not re-arrested him, thinking plaintiff's remedy was upon the bond.

The Court refused to grant the rule to make the Sheriff pay over the money to the plaintiff, upon two grounds:
The Sheriff had a right to take from Shannon, bond to keep within prison bounds; and because, after the six months expired, the Sheriff was not bound to commit Shannon to jail, for the reason that the bond was forfeited, and the liability of the security was fixed.

To which ruling of the Court, plaintiff by his counsel excepted and assigns error.

Douglass & Douglass, for plaintiff in error.

Perkins & Tucker, for defendant in error.

*By the Court.*—Lumpkin J. delivering the opinion.

A. is arrested under *ca. sa.*, and gives bond to take the benefit of the honest debtors' Act. At the next Term of the Court he fails to move to be discharged, and is ordered into custody. Under the Act of 1820, he gives bond to the Sheriff to take the prison bounds. He goes beyond the limits, remaining however in the county. Is the Sheriff liable, by rule, for not re-committing the debtor at the end of the six calendar months?

Had he remained within the bounds, this Court has held that such failure on the part of the Sheriff, would subject him. But in case of escape—and every departure beyond the

bounds is an escape, the order of the Court being to commit merely—does not authorize a recapture beyond the bounds; and that the creditor's remedy is upon the prison-bounds bond.

Judgment affirmed.